**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4325-16T2

ERIKA DEVORAK, n/k/a ERIKA
ATKINSON,

    Plaintiff-Appellant,

v.

WILLIAM J. DEVORAK, JR.,

    Defendant-Respondent.

_____

Submitted May 24, 2018 — Decided September 5, 2018

Before Judges Haas and Rothstadt.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Middlesex
County, Docket No. FM-12-1861-10.

Philip A. Greenberg, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

In this post-judgment dissolution matter, plaintiff Erika
Atkinson, formerly known as Erika Devorak and Erika Baldassaro,
appeals from the portions of the Family Part's November 4, 2016
order establishing "driving responsibilities" for her and

defendant William J. Devorak, Jr. to accommodate defendant's parenting time with their now nine-year-old daughter and denying plaintiff's application for increased child support. She also appeals from a May 12, 2017 order denying her motion for sanctions under Rule 1:4-8.[1] We affirm.

On September 20, 2016, defendant filed a motion seeking an order compelling "[t]he parties to share equally the driving responsibilities regarding parenting time," reducing his child support obligation "due to a change of circumstances[,]" and requiring plaintiff to pay defendant counsel fees she owed pursuant to a prior court order. In response, plaintiff filed a cross-motion, seeking monetary sanctions against defendant under Rule 1:4-8 for having to oppose defendant's motion, including reasonable counsel fees and costs. Plaintiff also sought an order increasing defendant's child support obligation, requiring him "to pay [eighty percent of] all expenses for [the parties'] child, including but not limited to, all unreimbursed medical and dental expenses, school related expenses, and extracurricular activities"

---

[1] The parties were married in 1999 and divorced on November 17, 2010. They have one child who was born in 2009. The parties' November 17, 2010 property settlement agreement provided the parties would have joint custody of their child, plaintiff would have primary residential custody, and defendant would pay $183 in child support, as well as "[seventy-nine percent] of the child care costs . . . ."

in addition to his other obligations. Plaintiff also sought an order compelling defendant to "be required to do all the traveling in connection [with] his visitations with the parties' child . . . ."

In a detailed written statement of reasons incorporated into the November 4 order, Judge Daniel H. Brown reviewed the history of the parties' residences from the time of the final judgment of divorce, as well as earlier orders dealing with parenting time. He determined that under the circumstances, "it is fair and equitable [for them] to share in the transportation responsibility[,]" and granted defendant's motion for the parties to "equally share driving responsibilities for parenting time . . . ." The judge ordered the parties to "agree [to] a pickup and drop off location equidistant between their current residences" of Ewing and Roseland.[2]

---

[2] At the time of divorce, both parties resided in Woodbridge and they agreed that they would "share alternate weekends for parenting time with the child. The defendant [would] pick her up after he [was] done with work on Friday evening and bring her back on Sunday by 8 [p.m.;]" and "defendant [would] be responsible for all transportation for his parenting time, unless other arrangements [were] mutually agreed upon by the parties." Plaintiff later moved to New York City, but on November 22, 2013, the parties entered into a consent order where plaintiff agreed to relocate to New Jersey, and defendant agreed to temporarily provide transportation to and from his weekend parenting time until plaintiff moved back to New Jersey. However, the consent order did not address the parties' driving responsibilities upon

Addressing plaintiff's application for increased child support, Judge Brown concluded plaintiff failed to establish any change in circumstances warranting a modification and observed that, in any event, the expenses plaintiff sought for defendant to pay were already included in the calculation of defendant's child support obligation. As a result, the judge denied plaintiff's motion without prejudice.

Finally, Judge Brown also denied without prejudice plaintiff's motion for sanctions and attorney's fees because, contrary to plaintiff's argument, defendant's motion was not frivolous. The judge found defendant established "a significant change in circumstances warranting a modification of [a] prior [o]rder regarding pick up and drop off[ and, in any event, p]laintiff has not submitted a Certification of Services addressing the factors" for consideration of a counsel fee award as required under Rule 5:3-5(c).[3]

---

plaintiff's relocation to New Jersey. Thereafter, plaintiff moved to Roseland, New Jersey and defendant moved to Ewing, New Jersey.

[3] According to a letter written by plaintiff's counsel to Judge Brown on January 25, 2017, counsel attempted to file an appeal from the November 4 order but it was rejected by our clerk's office on January 17, 2017 because "[p]laintiff's request for sanctions was denied 'without prejudice' . . . ." Counsel wrote to Judge Brown to request the order be amended, but states that he never received a response to his request. For that reason, according to counsel plaintiff was compelled to file her April 10, 2017

Judge Brown's May 12, 2017 order was entered in response to plaintiff's April 10, 2017 motion, which again sought sanctions and counsel fees. In her motion, plaintiff contended that defendant's earlier motion was frivolous and plaintiff was entitled to counsel fees. This time, however, plaintiff filed a certification of services from her attorney. Judge Brown concluded that plaintiff's motion was an untimely motion for reconsideration under Rule 4:49-2 and even if it was timely, the motion failed to meet the criteria for reconsideration or for an award of fees because defendant's claims were not frivolous and counsel's "Certification of Services failed to address a myriad of factors under [Rule] 5:3-5(c)." Therefore, despite finding plaintiff's motion to be "procedurally (being untimely) and substantively flawed[,]" the judge "still consider[ed] plaintiff's application . . . and . . . den[ied] the [m]otion based on its substantive flaws (e.g.[,] no basis to find either party's prior application was frivolous)." After Judge Brown entered the May 12 order, plaintiff filed her appeal from both orders on June 14, 2017.

---

motion that resulted in Judge Brown's May 12 order. We observe, however, that the earlier appeal was docketed on January 17, 2017, but voluntarily withdrawn at plaintiff's request, as memorialized in our January 30, 2017 order. See Devorak v. Devorak, No. A-1436-16 (App. Div. Jan. 30, 2017).

On appeal, plaintiff argues the November 4 order, which modified the parties' property settlement agreement (PSA), was entered in error "because matrimonial agreements are consensually entered into [and] they should generally be honored." Plaintiff contends that when the parties entered into the PSA, both parties were represented by counsel and the agreement was clear and consensual. Plaintiff alleges defendant received the benefit of his bargain in that he did not have to pay alimony and paid "modest" child support in return for doing all of the driving. Finally, plaintiff asserts she has had a second child from her new marriage and "is required, on a weekly basis, to do all the transportation for the" parties' daughter.

Plaintiff also argues the court erred in denying her application for increased child support because her financial circumstances changed, as she was required to relocate from New York to New Jersey by court order, and her new husband has been unable to sell the residence in Manhattan. Plaintiff contends there is also a change of circumstances because "a review of [d]efendant's updated CIS and 2015 tax return prove[s] that [his] present child support obligation is lower than that which would be calculated under New Jersey's guidelines." We disagree.

At the outset, we conclude that plaintiff's appeal from the November 4, 2016 order is untimely and we dismiss her appeal from

A-4325-16T2

that order on that basis. See R. 2:4-1(a) (requiring "[a]ppeals from final . . . orders . . . [to] be taken within [forty-five] days of their entry"). Plaintiff's subsequent motion that she characterized as one for sanctions and filed five months after the entry of the November 4 order, did not toll the time for her filing a timely appeal from that order. Moreover, if as plaintiff's counsel asserts there was an issue raised by our clerk as to the order's finality, plaintiff was free to seek leave to appeal. R. 2:4-1(c). However, even if we were to consider plaintiff's arguments, in light of the deferential standard we accord to decisions made by Family Part judges, based upon their expertise in family matters, see Cesare v. Cesare, 154 N.J. 394, 411-13 (1998), we would affirm substantially for the reasons expressed by Judge Brown in his cogent statement of reasons, as we are satisfied plaintiff's arguments "are without sufficient merit to warrant discussion in a written opinion[.]" R. 2:11-3(e)(1)(E).

We reach the same conclusion as to plaintiff's arguments regarding the May 12, 2017 order. On appeal, plaintiff relies upon Rule 1:4-8(b)(1), and argues that defendant's September 20, 2016 motion to reduce his support was frivolous "because his failure to attach to his moving papers an updated CIS statement or tax return as to [d]efendant's present financial situation made . . . his application defective, on its face." She also contends

that "none of the case law or facts submitted by defense counsel supported [d]efendant's application to increase [p]laintiff's driving responsibilities regarding [d]efendant['s] visitation weekends[,]" and that defendant's motion for legal fees was frivolous "because defense counsel did not and could not provide any copies of [o]rders that listed the amount of attorney's fees that [p]laintiff purportedly owed [d]efendant." Plaintiff avers she complied with Rule 1:4-8(b)(1) because she notified defendant that, unless his motion was withdrawn within twenty-eight days, plaintiff would seek sanctions.

We conclude from our review that Judge Brown correctly denied plaintiff's motion for sanctions and fees substantially for the reasons he expressed in his order. We only add that, even if plaintiff had a viable and timely claim for sanctions under Rule 1:4-8, and defendant did not have "a reasonable good faith belief in the merit of [his] action[,]" DeBrango v. Summit Bancorp, 328 N.J. Super. 219, 227 (App. Div. 2000) (citations omitted), she failed to comply with the Rule's procedural requirements, which include serving a detailed statement as to why a claim is viewed as being frivolous, and filing a timely claim in a separate motion no later than twenty days following the entry of the order denying the alleged frivolous claim. See R. 1:4-8(b)(1) and (2); see also

State v. Franklin Sav. Account No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006).

Dismissed in part and affirmed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION